IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE LANE CONSTRUCTION CORPORATION, d/b/a SENATE ASPHALT,<br><br>      Plaintiff,<br><br>v.<br><br>METRO PAVING CORPORATION<br>**SERVE:**  David W. Fye, Registered Agent<br>              1220 Fairmont Street, NW<br>              Washington, D.C. 20009<br><br>and<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>10045 Red Run Blvd., Suite 370<br>Owings Mills, MD 21117<br>**SERVE:**  Lawrence Mirel, Insurance Commissions<br>              810 First Street, N.W., Suite 701<br>              Washington, D.C. 20002<br><br>      Defendants. | **Civil Action No.** _____ |

## **COMPLAINT FOR MONEY DAMAGES**

The Lane Construction Corporation d/b/a Senate Asphalt, the Plaintiff herein, for its cause of action against the Defendants, states as follows:

### **PARTIES**

1.    The Lane Construction Corporation ("Lane") or ("Plaintiff"), is a Connecticut corporation with its principal place of business in Meriden, Connecticut. Lane operates a paving division in the District of Columbia under the name Senate Asphalt.

2.    Metro Paving Corporation ("Metro") is a District of Columbia corporation with its principal place of business in Hyattsville, Maryland.

3.  Liberty Mutual Insurance Company ("Surety" or "Liberty") is a corporation which is engaged in the business of writing bonds and undertakings for construction projects including projects in the District of Columbia. Liberty is a Massachusetts Corporation with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

4.  Subject matter jurisdiction of this action is founded upon 28 U.S.C. §1332, the parties being citizens of different states and the matter in controversy exceeding the sum of $75,000.00.

5.  The projects referenced herein and the claims specified herein were located or arose wholly within the District of Columbia.

## GENERAL ALLEGATIONS

6.  Lane is a road builder and paving contractor which operates in the District of Columbia and elsewhere.

7.  Metro ("Metro") is a general contractor and was the principal on the bonds written by Liberty which are the subject of these proceedings.

8.  Metro contracted with the District of Columbia, Department of Transportation to perform certain local street upgrading, reconstruction and resurfacing in various locations in the District of Columbia. Metro subcontracted a portion of its work under its contracts to Mount Vernon Asphalt & Paving, Inc. ("Mt. Vernon"), including work known as Federal and City Wide Paving, contract POKA-2004-B-0016-JJ, ("the Projects").

9.  Liberty and Metro provided payment bonds on the Projects wherein they bound themselves jointly and severely to make payment to claimants under the bond. Lane is a proper claimant and has fulfilled all requirements under the bond.

## COUNT I
### (Breach of Contract/Ward 7)

10. The allegations of paragraphs 1 through 9 are incorporated herein by reference.

11. Plaintiff and Mt. Vernon entered into a subcontract agreement to provide asphalt trucking for the paving work on the Project.

12. Liberty, as surety, and Metro, as principal, issued labor and material payment bond number 017-012-131 (the "Bond") securing payment to subcontractors and suppliers providing labor and material to the Project for which Metro had a contract with the District of Columbia. A copy of the labor and material payment Bond is attached hereto as **Exhibit A**.

13. Pursuant to its subcontract or agreement with Mt. Vernon, Lane provided and furnished trucking work on the project as specified in its invoices and agreement with Mt. Vernon and otherwise satisfied all conditions and requirements, except where the same may have been waived, prevented or excused by the actions of Mt. Vernon and/or Metro.

14. Lane has not been paid the agreed upon amount for furnishing the work and there is an amount due and outstanding on the contract of $120,709.65, together with interest and attorneys fees as set forth in the contract.

15. Metro and Liberty have breached their obligations to Plaintiff under the contracted Bond by failing to pay the balance due pursuant to the contract.

16. More than ninety (90) days has elapsed since the date on which Plaintiff last performed labor or supplied material to the Project.

17. Less than one (1) year has elapsed since Metro and Plaintiff ceased work on the Project.

18. Plaintiff is a proper claimant under the terms of the Bond and has given all notices, if any, required under the bond or applicable statute.

19. All conditions precedent to the filing of this suit have been fulfilled except to the extent that same may have been waived, prevented or excused by the actions of Defendants.

20. The amount justly due to Plaintiff for labor and materials supplied to Mt. Vernon on the Project is $120,709.65, plus interest and attorneys fees.

21. Plaintiff made demand upon Metro to pay the amount due pursuant to the terms of the Bond, but Metro has failed and refused to make payment.

WHEREFORE, Plaintiff, The Lane Construction Corporation d/b/a Senate Asphalt respectfully requests that this Court enter judgment in its favor against Defendants Metro Paving Corporation and Liberty Mutual Insurance Company in the amount of $120,709.65 together with interest thereon and costs of these proceedings.

Respectfully submitted,

    /s/ Stephen J. Annino
Stephen J. Annino, Esquire (VSB# 20551)
KASIMER & ANNINO, P.C.
7653 Leesburg Pike
Falls Church, VA 22043
Phone: (703) 893-3914
Fax:    (703) 893-6944
*Counsel for The Lane Construction Corporation d/b/a Senate Asphalt*

P:\Docs\Lane (Senate Asphalt)\PLEADINGS\Complaint for Money Damages.Senate(Lane).Metro.Liberty Mutual.10.19.05.doc\vcr