IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE LANE CONSTRUCTION CORPORATION, d/b/a SENATE ASPHALT, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:05-cv-02073-JR |
| v. | ) ) | |
| METRO PAVING CORPORATION | ) ) | |
| and | ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) | |
| Defendants. | ) ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Metro Paving Corporation ("Metro Paving") and Liberty Mutual Insurance Company ("Liberty"), by counsel, and for their Answer to the Complaint filed by The Lane Construction Corporation, d/b/a Senate Asphalt ("Lane"), state as follows:

## PARTIES

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore deny same.

2.     Defendants admit the allegations in paragraph 2 of the Complaint.

3.     Defendants admit the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore deny same.

5.     Defendants deny the allegations in paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies same.

7. Defendants admit that Metro Paving operates as a general contractor and that Metro Paving is the named principal on the payment bond attached to the Complaint.

8. Defendants admit that Metro Paving entered into contract POKA-2004-B-0016-JJ with the District of Columbia Department of Transportation to perform work at various locations in the District of Columbia and that Metro Paving subcontracted a portion of its work under that contract to Mount Vernon Asphalt & Paving, Inc. ("Mount Vernon").

9. Defendants admit that Metro Paving and Liberty provided a payment bond in connection with contract POKA-2004-B-0016-JJ, and deny any allegation in paragraph 9 of the Complaint that is inconsistent with the terms of that bond. Defendants deny that Lane is a proper claimant and has fulfilled all requirements under that payment bond.

## COUNT I
### (Breach of Contract/Ward 7)

10. Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 9 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore deny same.

12. Defendants admit that Liberty, as surety, and Metro Paving, as principal, issued Payment Bond No. 017-012-131, a copy of which is attached as Exhibit A to the Complaint. Defendants deny any allegation in paragraph 12 of the Complaint that is inconsistent with the terms of that Payment Bond.

13. Defendants lack knowledge or information sufficient to form a belief as to the

2

truth of the allegations set forth in paragraph 13 of the Complaint, and therefore deny same.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore deny same.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore deny same.

17.     Defendants admit that less than one (1) year has elapsed since Metro Paving ceased work on the project, but lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 17 of the Complaint, and therefore deny same.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     All allegations in the Complaint not expressly admitted are denied.

AFFIRMATIVE DEFENSES

1.     Lane's Complaint fails to state a claim upon which relief can be granted.

2.     Lane's claims are barred by the doctrine of waiver and/or estoppel.

3.     Lane is not entitled to the relief sought because it failed to mitigate its damages.

4.     Lane's claims are barred by its failure to satisfy the conditions precedent to recovery under its subcontract or agreement with Mount Vernon, the Payment Bond and/or applicable law.

5.     Lane's claims are barred by its unclean hands.

6.     Lane's claims are barred by the doctrine of release.

3

7.    Lane's claims are barred by the express terms of the Payment Bond.

8.    Lane's claims are barred to the extent its claims are for work outside or beyond the scope of its subcontract or agreement with Mount Vernon.

9.    Lane's claims are barred by the doctrine of accord and satisfaction.

10.    Lane's claims are barred by the statute of frauds.

11.    Lane's claims are barred because Lane has not sustained any damages.

12.    Lane's claims are barred because Lane is not the real party in interest.

13.    Lane's claims are barred because it is not a proper claimant under the Payment Bond.

14.    Defendants reserve the right to assert any additional affirmative defenses or future defenses that may develop during discovery and to which they are entitled.

WHEREFORE, Defendants Metro Paving Corporation and Liberty Mutual Insurance Company request that this Court:

1.    Grant judgment in their favor and against Plaintiff Lane on the Complaint;

2.    Grant Defendants their attorneys' fees and costs related to this matter; and

4.    Grant Defendants such further relief as the Court deems just and proper.

Dated:  November 18, 2005

Respectfully submitted,

/s/ J. Brian Cashmere
J. Brian Cashmere
(DC Bar No. 456029)
WATT, TIEDER, HOFFAR
 & FITZGERALD, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 (phone)
(703) 893-8039 (facsimile)

*Counsel for Defendants*

4

<u>Of Counsel</u>

Robert G. Barbour, Esq.
Harish C. Mirchandani, Esq.
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000 (phone)
(703) 893-8039 (facsimile)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of November 2005, I caused the foregoing

Answer and Affirmative Defenses to be send by first class mail to the following:

Steven J. Annino, Esq.
KASIMER &  ANNINO, P.C.
7653 Leesburg Pike
Falls Church, VA  22043

*Counsel for Plaintiff*
*The Lane Construction Corporation,*
*d/b/a Senate Asphalt*


/s/ J. Brian Cashmere