IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE LANE CONSTRUCTION CORPORATION, )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>)<br>METRO PAVING CORPORATION, *ET AL.*,  )<br>)<br>Defendants.  )<br>_____) | <br><br><br><br><br><br>Civil Action No. 1:05-cv-02073-JR |

## JOINT REPORT

Pursuant to LCvR 16.3, Fed. R. Civ. P. 26(f), and this Court's January 31, 2006 Order, the Parties, through counsel, submit the following report.

## STATEMENT OF THE CASE

This case involves a number of pavement projects performed in The District of Columbia. Plaintiff asserts that it provided trucking services to Mount Vernon Asphalt, Inc., a subcontractor on the project. Defendants are the General Contractor and Surety on the projects that are the subject of Plaintiff's claims. The principal disputes between the parties concern whether Plaintiff is a proper claimant on the payment bond issued for the projects and whether the trucking services for which Plaintiff claims it has not received payment were provided for the projects covered by that payment bond.

## PLAN FOR DISCOVERY

The Parties met and conferred to address the topics listed in LCvR 16.3(c). As a result of counsel's conference, the Parties submit this report outlining the discovery plan and the Parties' agreement and/or relative positions on the matters set forth in LCvR 16.3(c).

1

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the Court that discovery or other matters should await a decision on the motion.

No party has filed a dispositive motion in this case. Consequently, the Parties agree that discovery should proceed with dispositive motions filed immediately following the discovery cut-off in the case.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The Parties have identified other parties that should be joined in this matter. The Parties would propose a date of April 1, 2006 for the joinder of parties and the amendment of pleadings.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The Parties recommend, and/or consent, to assignment of the case to a magistrate judge for the limited purpose of ADR proceedings.

(4) Whether there is a realistic possibility of settling this case.

The Parties believe that there is a realistic possibility of settling the case and have engaged in settlement discussions. The Parties have agreed to continue these discussions for a period of ten (10) days, after which they will continue with discovery.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR), and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

  (i)  The clients' goals in bringing or defending the litigation;

  (ii)  Whether settlement talks have already occurred and, if so, why they did not produce an agreement.

  (iii)  The point during the litigation when ADR would be most appropriate, with special consideration given to:

    (a)  Whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

    (b)  Whether ADR should take place before or after the judicial resolution of key legal issues;

  (iv)  Whether the Parties would benefit from neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

  (v)  Whether cost savings or any practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

  The Parties believe that ADR would be appropriate if they are unable to resolve the case in ten (10) days.

  (6)  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

  Plaintiff believes that summary judgment may be appropriate for some claims in this case. Defendants believe that all of Plaintiff's claims can be resolved on summary judgment. The dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions are as follows:

   Cross-motions: August 15, 2006; Oppositions: August 31, 2006;

   Replies: September 15, 2006.

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what, if any, changes should be made in the scope, form or timing of those disclosures.

   The Parties would propose to dispense with initial disclosures.

(8) The anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.

   The Parties have proposed discovery deadlines for this case as follows:

   August 1, 2006.

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

   The Parties would propose dates for the identification of expert witnesses, the exchange of expert reports, and deposition of experts as follows:

   June 15, 2006 for identification of experts; June 30, 2006 for exchange of reports; and depositions of experts by July 31, 2006.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, date for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

This case does not involve a class action.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The Parties are not aware of any basis for bifurcation at this time and offer no proposal for such.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The Parties would propose that the date for the pretrial conference in this case be between September 15 - September 30, 2006.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Parties propose that the Court set a trial date at the first scheduled conference in this case.

Dated this 7th day of February, 2006.

__/s/Stephen J. Annino_____
Stephen J. Annino, Esq. (DC Bar # 390252)
KASIMER & ANNINO, P.C.
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 - phone
(703) 893-6944 - fax
Counsel for Plaintiff

\_\_/s/ Harish Mirchandani_____
Harish Mirchandani, Esq. (DC Bar No. 45799)
Watt, Tieder, Hoffar & Fitzgerald
8405 Greensboro Dr., Suite 100
McLean, VA  22102
(703) 749-1000 - phone
(703) 893-8029 - fax
Counsel for Defendants